IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROSEMARY A. SALERNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-00145-BP |
| | ) |
| MPI MANAGEMENT, LLC d/b/a | ) |
| OLSHAN PROPERTIES, ET AL., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Rosemary A. Salerno respectfully moves the Court for an Order granting her leave to file a Second Amended Complaint adding Mall Properties, Inc. d/b/a Olshan Properties as a Defendant in this Action, attached hereto as **Exhibit 1**. Plaintiff respectfully requests the Court grant Plaintiff's Motion for the reasons set out below.

**PLAINTIFF'S SUGGESTIONS IN SUPPORT OF HER MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I.   INTRODUCTION**

During the parties' pretrial conference on Friday, September 25, Plaintiff's counsel raised concerns that Defendants were asserting new defenses at the 11th hour to shield Mall Properties, Inc. from liability and damages. The Court asked for briefing on Plaintiff's issues.

In Defendants' Trial brief and during discussions regarding potential stipulation of facts, Defendants raised material issues for the first time. Plaintiff anticipates that Defendants plan to change their defense of this matter, and therefore these issues should be resolved before trial.

Defendants are now claiming they have fewer than 50 employees, that Mall Properties, Inc. (which they admit does business as Olshan Properties) is a third-party entity not involved in the case although Olshan Properties was named in the original and amended complaint, and that Zona Rosa Town Center, LLC has no employees. This is the first time Defendants have asserted any of these defenses.

If Defendants believed that the wrong parties were named as responsible for the alleged wrongdoing of Olshan Properties, they had several opportunities to address this issue, beginning with their Answers and affirmative defenses filed in response to the original and first amended Complaints and in subsequent opportunities to file motions to dismiss and for summary judgment. Yet Defendants never asserted any such defenses, and in fact, throughout this litigation Defendants admitted they were responsible for any wrongful conduct that Olshan Properties may have engage in, as alleged here by Plaintiff in this lawsuit. Furthermore, Defendants' executive officers testified in their depositions that Defendants employ over 900 employees, therefore indicating to Plaintiff that the number of employees under the MHRA damages caps was not an issue that needed further development in discovery. Finally, Zona Rosa Town Center, LLC also had ample opportunity to assert a defense that it was not an "employer" under the MHRA and file a motion to dismiss and/or summary judgment on the issue.

Now, on the eve of trial, Defendants have indicated they intend to argue that Plaintiff's MHRA retaliation claim should fail as a matter of law because she did not sue the correct entity, Mall Properties, Inc. Defendants should be bound by their repeated admissions referring to themselves as "Olshan Properties" at every stage of this litigation. Mall Properties, Inc., through its trade name Olshan Properties, has been defending this lawsuit from the administrative phase

2

through the eve of trial. Given Defendants' new position, this Court should grant Plaintiff's Motion for Leave to Amend her First Amended Complaint to conform to the evidence and relate back to her original filings and add Mall Properties, Inc. d/b/a Olshan Properties as an additional named defendant in this matter.

## II. STATEMENT OF FACTS ("SOF")

1. On May 3, 2018, Plaintiff filed her first charge of discrimination against respondents Zona Rosa, Olshan Properties, MPI Management, LLC. [Doc. 27-1].

2. Plaintiff filed her second charge of discrimination on December 10, 2018 against respondents Zona Rosa, Olshan Properties, and MPI Management, LLC. [Doc 27-3].

3. Janetta Tischer, VP of HR, received Defendants' Notice of Charge of Discrimination from the EEOC on May 7, 2018. (Notice of Charge of Discrimination, attached as **Exhibit A**].

4. Ms. Tischer testified that she received notice of Plaintiff's lawsuit in the mail, and that she sent that notice to CEO of Olshan Properties Andrea Olshan. [Doc. 50-4, at 19:12-19, 20:21-23].

5. On June 20, 2018 and on April 2, 2019, Mall Properties, Inc. d/b/a Olshan Properties, through Defendants' attorney Mr. Lillard, responded to both charges of discrimination on behalf of all Respondents. [Olshan's 6/20/18 Position Statement, at pp.1, 7, attached as **Exhibit B**; Olshan's 4/2/19 Position Statement, at p.1, attached as **Exhibit C**].

6. Defendant MPI Management, LLC does business as Olshan Properties. [Doc. 28, at p.1].

3

**7.** Mall Properties, Inc. does business as Olshan Properties. [Doc. 50-27, at p.1[1]; Deposition of Andrea Olshan, at 14:24, relevant portion attached as **Exhibit D**].

**8.** In or before 2014, Mall Properties, Inc. represented to the public and its employees that it changed its name to Olshan Properties. [Olshan Properties Handbook, Doc. 50-16, at p.2; Press Release, at p. 2, attached as **Exhibit E**].

**9.** CEO Andrea Olshan, VP of HR Janetta Tischer, Executive VP of Finance Wayne Chang, Executive Director of Property Management Stephen Barnhouse all refer to Olshan Properties as their employer. [Tischer Depo., Doc. 50-4, at 24:11-25:02; Barnhouse Depo., Doc. 50-6, at 10:17-24; Exh. D, Olshan Depo., at 11:19-20; Chang Depo., Doc. 50-22, at 07:04-06].

**10.** Plaintiff referred to Olshan Properties as her employer. [Doc. 50-1, at 15:13-17].

**11.** Defendants Handbook, Employee Reviews, Termination Notices, and press releases all present with Olshan Properties letterhead. [Olshan Handbook, Doc. 50-16; Termination Notice, Doc. 50-37; Exh. E, Press Release; Employee Reviews, relevant portions attached as **Exhibit F**].

**12.** Defendants have referred to themselves as Olshan Properties throughout the course of this litigation. [*See generally* Unemployment Hearing Transcripts, attached as **Exhibit G**; Position Statements, Exhibits A and B; Suggestions in Support of Summary Judgment, Doc. 44; Defendants' Trial Brief, Doc. 99].

**13.** Defendants' Motion for Summary Judgment included Olshan Properties as a party to that motion. [Doc. 43, at p.1] ("Defendants MPI Management LLC, Olshan Properties, and Zona Rosa Town Center LLC[] submits this Motion for Summary Judgment . . . ."); [Doc. 44, at p.5] ("Defendant Olshan Properties . . . employed Plaintiff Rosemary Salerno.").

---

[1] All page numbers reflect the Court's ECF pagination.

**14.** Furthermore, Olshan Properties stated that "Rosemary A. Salerno . . . was employed with Olshan as the General Manager of Zona Rosa." [Position Statements, Ex. A, at p.1; Ex. B, at p.1].

**15.** On November 16, 2018, Mall Properties, Inc. d/b/a Olshan Properties filed a small claims lawsuit against Plaintiff alleging Money Had and Received, Conversion, Unjust Enrichment, and Fraud. [Doc. 50-27].

**16.** Throughout its Petition, Mall Properties, Inc. referred to itself as "Olshan." [*See generally* Doc. 50-27].

**17.** Mall Properties, Inc. admitted that it employed Plaintiff. [Doc. 50-27, at ¶¶ 3, 5].

**18.** On September 4, 2019, Plaintiff filed her First Amended Complaint against Defendants MPI Management, LLC d/b/a Olshan Properties and Zona Rosa Town Center, LLC alleging, among other things, MHRA retaliation related to the filing of the small claims lawsuit. [Doc. 27].

**19.** On September 18, 2019, Defendants MPI Management and Zona Rosa Town Center filed their Answer to Plaintiff's First Amended Complaint. [Doc. 28].

**20.** In their Answer, Defendants admitted that they: (1) filed a small claims lawsuit against Plaintiff; (2) filed a motion for default judgment in that case; and (3) filed an Application for Trial de Novo in the case. [Doc. 28, at ¶¶ 44, 47, 50].

**21.** Furthermore, Defendants did not raise any affirmative defenses or other defenses related to their number of employees. [*See* Doc. 28].

**22.** Both Olshan Properties VP of HR, Janetta Tischer, and Olshan Properties CEO Andrea Olshan testified that Defendants employed around 900 employees. [Doc. 50-4, at 39:25-40:02; Exh. E, Olshan Depo., at 13:17-21].

**23.** Defendants' counsel stated in the depositions of Ms. Tischer, Stephen Barnhouse, and Ms. Olshan that he represented Olshan Properties. [Tischer Depo., Doc. 50-4, at 05:18-19; Barnhouse Depo., Doc. 50-6, at 05:18-19, Exh. E, Olshan Depo., at 06:22-24].

**24.** Throughout the depositions of Janetta Tischer, Stephen Barnhouse, Andrea Olshan, each witness referred to Defendants as Olshan. [*See generally* Doc. 50-4; Doc. 50-6; Exh. E].

**25.** Defendants did not file a motion to dismiss the MHRA retaliation claim or otherwise indicate to Plaintiff that she had named the wrong party as her First Amended Complaint related to her MHRA retaliation claim.

**26.** In fact, on February 18, 2020, Defendants filed a Motion for Summary Judgment attempting to dismiss each of Plaintiff's claims, including her MHRA retaliation claim relating to the smalls claims lawsuit. [Doc. 44, at pp.17, 22-25].

**27.** In their Motion for Summary Judgment, Defendants did not argue that Plaintiff's MHRA retaliation claim should be dismissed because she did not name the correct party; rather, Defendants moved on behalf of Olshan Properties as a Defendant thereby acknowledging and taking responsibility for Mall Properties, Inc.'s behavior. [Doc. 43, at p.1; Doc. 44, at p.5].

**28.** Moreover, in the small claims trial, VP of HR Janetta testified that "MPI Management was the management company that oversaw the operations of Zona Rosa on behalf of Olshan Properties, the owner." [Doc. 50-38, at 11:7-9].

**29.** During the pretrial conference in front of this Court, Defendants' counsel stated that he represents only one of the defendants, MPI Management LLC, and that MPI Management LLC is just a payroll company that cuts paychecks.[2]

---

[2] Despite defense counsel's representation to the Court that he does not represent Zona Rosa Town Center, LLC, Defendants' Trial Brief nevertheless asserts that "Zona Rosa Town Center, LLC did not have any employees during

**30.** Yet, in their Trial Brief, Defendants now for the first time attempt to separate the two entities who both do business as Olshan Properties: "Mall Properties, Inc. is a separate corporate entity from Defendants . . . accordingly, any action that Mall Properties, Inc. took in connection with Plaintiff cannot be considered the actions of Defendants, let alone the retaliatory action of Defendants." [Doc. 99, at p.25 n.2].

**31.** This new defense directly contradicts Defendants' Answer to Plaintiff's First Amended Complaint and its representations to the Court from its motion for summary judgment. *See supra* ¶ 20 (Defendants admitting to filing the small claims lawsuit, the motion for default judgment, and the Application for Trial de Novo); SOF 20, 27.

### III. ARGUMENT AND AUTHORITIES

The Court should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). An "amended complaint relates back to the date of the original complaint when: (1) the claim . . . asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set out in the initial complaint; (2) within 90 days after the original complaint was filed, the party to be added 'received such notice of the action that it will not be prejudiced in defending on the merits'; and (3) upon receiving notice, the party to be added 'knew or should have known that the action would have been brought against it, but for mistake concerning the proper party's identity.'" *Heglund v. City of Grand Rapids*, 871 F.3d 572, 578-79 (8th Cir. 2017) (quoting FED. R. CIV. P. 15(c)(1)(C)). "When those conditions are satisfied, the amended complaint is treated as if it were filed on the date of the original complaint." *Id.* at 579.

Plaintiff's proposed amendment to her Complaint adding Mall Properties, Inc. as a party relates back to the date of her original pleadings. Allowing Defendants to potentially escape liability as a result of their intentional "shell games" and "hiding the ball" would be the injustice

---

the time periods relevant to this case, nor does it currently employ any employees." [Doc. 99, at p.40].

Rule 15(a)(2) was designed to prevent. For the reasons set out below, this Court should grant Plaintiff's motion for leave to amend her First Amended Complaint.

### A. The Claims Asserted in Plaintiff's Second Amended Complaint Arise Out of the Same Conduct, Transaction, or Occurrence.

Plaintiff is not seeking to amend her Complaint to assert any new claims. Because Plaintiff is not asserting any new claims, this condition is necessarily met because the claims arise out of the same conduct, transaction, or occurrence set out in Plaintiff's First Amended Complaint.

### B. Mall Properties, Inc. Received Notice of the Action Within Ninety Days Such That It Will Not Be Prejudiced in Defending on the Merits.

Mall Properties, Inc. received notice of Plaintiff's action within ninety days as required Rule 15. Olshan Properties is MPI Management, LLC and Mall Properties, Inc. Both companies do business as Olshan Properties. (SOF 6-7). Both companies share the same executive officers and human resources. (SOF 9). Both companies are represented by the same attorneys. (SOF 5). When Olshan Properties was named in both of Plaintiff's charges of discrimination, Mall Properties, Inc. responded. (SOF 5). When a charge of discrimination or a lawsuit is filed, Ms. Tischer receives the notices and sends them to Olshan Properties CEO Andrea Olshan. (SOF 3-4). Specifically, Ms. Tischer testified she received notice of Plaintiff's lawsuit and forwarded that notice to Ms. Olshan. (SOF 4).

Mall Properties, Inc. will not be prejudiced if the Court grants Plaintiff's motion for leave to amend her Complaint. "[D]elay alone is not reason in and of itself to deny leave to amend." *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987). The delay must have resulted in unfair prejudice to the party opposing the amendment. *Id.* The burden of proof of prejudice is on the party opposing the amendment. *Id.*

Not only did Mall Properties, Inc. receive notice of Plaintiff's charge of discrimination (indeed, it responded to it) and Complaints, but it has been defending this lawsuit since the beginning through its d/b/a name Olshan Properties. There can be no prejudice because Mall Properties, Inc. d/b/a Olshan Properties is already directly involved and is defending this lawsuit on the merits. Therefore, the condition is met that Mall Properties, Inc. received notice of Plaintiff's Complaints within ninety days of their filing, and it will not be prejudiced by the amendment.

### C. Upon Receiving Notice, Mall Properties, Inc. Knew or Should Have Known That the Action Would Have Been Brought Against It, but for Mistake Concerning It's Identify as the Proper Party.

Once Mall Properties, Inc. received notice of Plaintiff's Complaints, it should have known that the Action should have been brought against it if not for a potential mistake in not specifically naming Mall Properties, Inc.

"A mistake occurs if a plaintiff knows that two or more parties exist but chooses to sue the wrong one based on a misunderstanding about that party's status or role." *Jaycox v. Terex Corp.*, No. 4:19-cv-02650 SRC, 2020 U.S. Dist. LEXIS 95360, at *5 (E.D. Mo. June 1, 2020). The United States Supreme Court has reasoned that relation back under Rule 15(c) depends on "what the prospective *defendant* knew or should have known during the [ninety day] period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (emphasis in original). Information in Plaintiff's possession is "relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. *Id.* A mistake is an error, misconception, or misunderstanding; an erroneous belief. *Id.* (internal quotations omitted). That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect

9

to that party's identity.  *Id.* at 549.  The reasonableness of Plaintiff's mistake is not an issue.  *Id.*

Here, every indication available to Plaintiff was that Olshan Properties was her employer. Defendants' handbook, employee reviews, press releases, and Plaintiff's Termination Notice all present with Olshan Properties letterhead.  (SOF 11).  Furthermore, Olshan Properties responded to her charge of discrimination and lawsuit, and Olshan Properties' employees and executive officers have participated in the vigorous defense of this case.  (SOF 5).  Not until Defendants' counsel attempted to portray Mall Properties, Inc. as a third-party entity separate and apart from MPI Management LLC (both of whom "do business as" Olshan Properties) did Plaintiff realize Mall Properties, Inc should also be added as a Defendant.

Mall Properties, Inc. knew or should have known that this Action would have been brought against it had it contended that Plaintiff did not name the correct entity in its Answer or defenses.  Mall Properties, Inc., through the same counsel of record in this action, responded to both charges of discrimination.  (SOF 5).  When Plaintiff filed her initial Complaint, Olshan Properties VP of HR received notice of it and sent that to Olshan Properties CEO Andrea Olshan.  (SOF 4).  Furthermore, Mall Properties, Inc. d/b/a Olshan Properties sued Plaintiff in small claims court.  (SOF 15-16).  Subsequently, Plaintiff amended her Complaint to allege that the lawsuit was retaliatory, but did not name Mall Properties, Inc.  [Doc. 27].  Certainly, upon receiving notice of Plaintiff's First Amended Complaint, Mall Properties, Inc. knew or should have known that the Action would have been filed against it if it contended that the parties in this action were not responsible for its actions.  Therefore, this condition is met.

### IV. CONCLUSION

Plaintiff's proposed amended Complaint conforms to the evidence and relates back to the time of her original filings.  First, Plaintiff's amended Complaint arises out of the same conduct,

transaction, or occurrence set out in the initial complaint. Second, Mall Properties, Inc., within 90 days after the filing of Plaintiff's complaint, received such notice of the action that it will not be prejudiced in defending on the merits. Finally, upon receiving notice, Mall Properties, Inc. knew or should have known that the action would have been brought against it, but for a mistake about its identity. Therefore, because justice so requires, this Court should grant Plaintiff's Motion for Leave to File her Second Amended Complaint adding Mall Properties, Inc. to the lawsuit.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By /s/ Athena M. Dickson
    Rik N. Siro                    MO #33908
    Eric W. Smith              MO #47108
    Athena M. Dickson      MO #55104
    Raymond A. Dake       MO #62829
    Ryan P. McEnaney      MO #70235
    1621 Baltimore Avenue
    Kansas City, Missouri 64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    rsiro@sirosmithdickson.com (email)
    esmith@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)
    rdake@sirosmithdickson.com (email)
    rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF filing system on September 29, 2020, which system sent notification of such filing electronically to the following counsel of record:

Spring E. Taylor
FISHER & PHILLIPS LLP
4900 Main Street, Suite 650
Kansas City, Missouri 64112
staylor@fisherphillips.com

Samuel N. Lillard
FISHER & PHILLIPS LLP
250 West Street, Suite 400
Columbus, OH 43215
slillard@fisherphillips.com

Ariel C. Kelly
FISHER & PHILLIPS LLP
3310 West End Avenue, Suite 500
Nashville, TN 37203
akelly@fisherphillips.com

**ATTORNEYS FOR DEFENDANTS**

    /s/ Athena M. Dickson
ATTORNEY FOR PLAINTIFF